UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AYMAN MOHAMMED AHMED AL SHURFA, | ) ) ) |
| Petitioner, | ) ) ) |
| v. | ) Civil Action No. 05-431 (RJL) ) |
| BARACK H. OBAMA, *et al.*, | ) ) ) |
| Respondents. | ) |

MEMORANDUM ORDER
(May 21st, 2009) [#100]

Before the Court is petitioner's Notice of Petitioner's Involuntary Decision to Withdraw Habeas Petition; Motion for a Hearing into the Quality of Petitioner's Purported Choice or, in the Alternative, to Move the Petitioner to Camp IV. ([Dkt. #100].) To support the motion, petitioner's counsel relies exclusively on cases involving the withdrawal of habeas petitions by criminal defendants convicted and sentenced to death, in which courts have conducted an inquiry into the defendant's mental capacity and the voluntariness of the defendant's decision. *See, e.g., Smith v. Armontrout*, 812 F.2d 1050 (8th Cir. 1987), *cert. denied*, 483 U.S. 1033 (1987). However, while the Supreme Court has held that petitioner is entitled to the privilege of habeas corpus, *Boumediene v. Bush*, 128 S. Ct. 2229, 2240 (2008), petitioner is *not* a criminal defendant, nor would petitioner's withdrawal deny petitioner the opportunity to later re-file his petition for writ of habeas corpus. Moreover, this Court lacks jurisdiction to entertain a challenge to the conditions of

1

petitioner's confinement, 28 U.S.C. § 2241(e)(2); *Al-Adahi v. Obama*, 596 F. Supp. 2d 111, 117-20 (D.D.C. 2009) (citing cases), and petitioner's counsel's request for a hearing concerning those conditions is, in effect, just such a challenge. Indeed, petitioner's counsel's proposed alternative remedy is to relocate petitioner to a different camp in order to potentially persuade petitioner to reconsider his decision to withdraw his petition. (Mot. at 41.) Finally, the Court adds that petitioner's counsel has not introduced sufficient, specific allegations concerning petitioner's confinement to raise sufficient doubt in the Court's mind that petitioner's instruction to counsel to withdraw his petition is anything but a knowing and voluntary decision. Accordingly, it is hereby

**ORDERED** that petitioner's motion for a hearing into the quality of his purported choice or, in the alternative, to move petitioner to Camp IV is DENIED; it is further

**ORDERED** that, in order to ensure that the record accurately reflects petitioner's intent, if petitioner wishes to voluntarily withdraw his petition, petitioner shall file with the Court by July 1, 2009 a signed declaration stating that (1) he wishes to withdraw his petition, (2) that he has made the decision to withdraw his petition after consultation with counsel, (3) that he understands that his petition will be dismissed without prejudice and that he may file a renewed petition for writ of habeas corpus at a later time, and (4) that his withdrawal is voluntary; and it is further

**ORDERED** that if petitioner is either unable to arrange for the execution of the aforementioned declaration by July 1, 2009 or if petitioner does not intend to withdraw his petition, petitioner shall file a status report on or before July 1, 2009 so notifying the Court.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge